UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Demarco Wright,                                                Case No. 3:24-cv-226

                 Plaintiff,

v.                                                              ORDER

Annette Chambers-Smith, et al.,

                 Defendants.

Before me are several motions filed by both Plaintiff and Defendants. I will address each in turn.

First, I grant the Ohio Attorney General's motion for leave to file a motion to dismiss on behalf of Defendants Annette Chambers-Smith, Kimberly Henderson, Thomas Clark, Corrections Officer Vance, and Interested Party State of Ohio. (Doc. No. 6; *see also* Doc. No. 6-1). In turn, because their proposed motion to dismiss seeks dismissal of all claims, (Doc. No. 6-1), their motion for leave to file an Answer is denied as moot. (Doc. No. 7). Should any claim survive the motion to dismiss, Defendants will have an opportunity to file an Answer at a later date.

I direct the Clerk to file Defendants' proposed motion to dismiss on the public docket. Should Plaintiff wish to file a brief in opposition to this motion, he shall do so no later than August 2, 2024. Any reply shall then be filed by August 23, 2024.

Remaining is Plaintiff's motion asking that the United States Marshals Service perfect service on Defendant Annette Chambers-Smith. (Doc. No. 8). In support of this motion, he attaches the USM-285 form showing service was attempted at the address previously provided by Plaintiff but

was returned undeliverable because she is "not employed at this institution." (Doc. No. 8-1). I grant Plaintiff's motion in part and deny it in part.

While the Ohio Attorney General seeks dismissal of those claims against Chambers-Smith, it has advised that its "appearance does not waive personal service and any defenses available at law." (Doc. No. 6-1 at 1). Therefore, Plaintiff's motion to perfect service may not be denied as moot. Even so, because the Ohio Attorney General has already entered an appearance on behalf of Chambers-Smith, it would be a waste of United States Marshals Service resources to independently locate her and effect service.

Considering the circumstances present here, I urge the Ohio Attorney General to file a waiver of service as this would be the most efficient way to satisfy the service requirement and conserve the resources of the Court, the United States Marshals Service, and the parties themselves. But I will not order they do so.

Instead, I order that by June 28, 2024, if a waiver of service has not been filed, the Ohio Department of Rehabilitation & Correction shall file under seal the last known address for Chambers-Smith where I may then direct the United States Marshals Service to again attempt service on her. *See, e.g., Allen v. Siddiqui*, No. 3:07CV-P261-H, 2008 WL 2217363, at * 2 (W. D. Ky. May 27, 2008) ("[T]o lessen the burden on the United States Marshals Service, as a matter of practice, this Court has in the past attempted secure that information by having the agency that previously employed the defendant to file his last known address under seal.").

So Ordered.

                                                                        s/ Jeffrey J. Helmick
                                                                        United States District Judge